# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KERON D. SIMPSON,

        Petitioner,    :    Case No. 3:17-cv-300

  - vs -                          District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Lebanon Correctional Institution,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations (ECF No. 19), recommending dismissal of the Petition. The Warden has timely responded to the Objections (ECF No. 22) and Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 21).

Simpson pleads three claims:

> **Ground One:** Petitioner's right to counsel guaranteed by the Sixth Amendment was violated at trial.
>
> > **Sub-claim A.** Trial Counsel failed to investigate and secure an expert evaluation of Petitioner's mental health status.
> >
> > **Sub-claim B.** Trial counsel failed to investigate and obtain expert assistance on eyewitness identification and witness perception.
>
> **Ground Two:** Petitioner's right to a fair trial was violated by the admission of an unfair eye witness identification [procedure was violated].

(Corrected Petition, ECF No. 3, PageID 40, 50-51.)

Simpson, who is represented by appointed counsel, raises six objections which will be dealt with *seriatim*.

**Objection One: Whether Simpson Raised His Claim of Incompetence to Stand Trial in the State Courts.**

The Report concluded that "Simpson did not claim in his post-conviction proceedings that he was incompetent to stand trial, but merely that his intellectual disability affected his ability to participate." (Report, ECF No. 19, PageID 1028, citing *State v. Simpson*, 2016-Ohio-1267, ¶ 11, 61 N.E. 3d 899, 2016 Ohio App. LEXIS 1339 (2nd Dist. Mar. 25, 2016), further appellate jurisdiction was declined, 146 Ohio St. 3d 1490 (2016)("*Simpson PC*").

Simpson objects that this conclusion "ignores the fact that Simpson did in fact challenge the voluntariness of his plea in the Ohio courts during his post-conviction litigation." (Objections, ECF No. 20, PageID 1035). However, Simpson cites no place in his post-conviction petition where that claim is made. Instead, he claimed in post-conviction that his trial attorney provided ineffective assistance when he failed to retain an expert to evaluate his mental capacity. In *Godinez v. Martin,* 509 U.S. 389 (1993), the Supreme Court held that the same standard for determining competence to stand trial applies to determining competence to plead guilty. The Second District recognized this point made in *Godinez*, but also found "Simpson does not contend he was legally incompetent to stand trial." *Simpson PC* ¶ 11.

Claims of incompetency to stand trial and incompetency to plead guilty are judged by the same standard, but Simpson made neither claim in the state courts.

**Objection Two: Ineffective Assistance of Post-Conviction Counsel Excuses Procedural Default**

In his Reply, Simpson asserted that any procedural default in failing to raise the involuntary plea claim in post-conviction is excused by the ineffective assistance of post-conviction counsel in failing to raise that claim (Reply, ECF No. 16, PageID 1015, relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013)). The Report rejected this argument because those cases only apply to procedural default in post-conviction of a substantial claim of ineffective assistance of trial counsel; involuntariness of a plea is not such a claim. In any event, the Sixth Circuit has not yet held *Martinez* and *Trevino* apply in Ohio (Report, ECF No. 19, PageID 1029).

Simpson objects that "*Martinez* is directly on point," citing *Young v. Westbrooks*, 702 Fed. Appx. 255 (6th Cir. July 14, 2017), for the proposition that "[t]he effect of this exception, then, is to permit a federal habeas court to hear ineffective-assistance-of-trial-counsel claims that were not raised in state court due to initial postconviction counsel's ineffectiveness." *Id.* at 260. *Young* arose from a Tennessee conviction and the Sixth Circuit has held that *Martinez* and *Trevino* apply in Tennessee. *Sutton v. Carpenter,* 745 F.3d 787, 789 (6th Cir. 2014). In a number of published decisions cited in the Report, the Sixth Circuit has noted it has not decided this question. (Report, ECF No. 19, at PageID 1029, citing *McGuire v. Warden*, 738 F.3d 741, 751-52 (6th Cir. 2013); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *Moore v. Mitchell*, 848 F.3d 774 (6th Cir. 2017), *cert den.*, 138 S.Ct. 650 (2018). More to the point, the claim that a guilty plea was involuntary is not the same as a claim of ineffective assistance of trial counsel and thus its default would not be excused by *Martinez/Trevino* even if they were held to apply in Ohio.

**Objection Three: Martinez-Trevino Redux**

In his Third Objection, Simpson again asserts that *Martinez* and *Trevino* save his incompetency ground for relief from procedural default. This argument is unavailing for the reasons just given.

**Objection Four: Asserted Application of Incorrect Statutory Standard**

The Report recommended deference under 28 U.S.C. § 2254(d)(1) to the Second District's decision that it was not ineffective assistance of trial counsel to fail to investigate Simpson's mental status (Report, ECF No. 19, PageID 1031).

Simpson objects that the correct standard of review is provided by 28 U.S.C. § 2254(d)(2) as enunciated in *Hill v. Anderson*, 881 F.3d 483 (6th Cir. 2018). Although Simpson's Reply cited *Hill*, it nowhere claimed the state courts' decision violated § 2254(d)(2). Moreover, § 2254(d)(2) applies only when the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." Simpson's argument in his Reply was that the Second District had made an "unreasonable application of [the correct legal standard] to the facts of his case." That is an argument under § 2254(d)(1) which speaks to unreasonable application of clearly established Supreme Court precedent. Nowhere in the Reply does Simpson specify a factual finding that he contends is unreasonable in light of the evidence.

**Objection Five: Deference to Second District on Prejudice Prong of *Strickland***

The Second District decided that Simpson had not made the required showing of prejudice from trial counsel's failure to hire a mental evaluation expert. *Simpson PC*, 2016-Ohio-1267 at ¶¶ 12-13. The Report concluded this was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984)(Report, ECF No. 19, PageID 1032).

Simpson does not dispute that he failed to show what such experts would have testified to, but claims the State is trying to "have it both ways" because it would not provide funds to hire such experts in post-conviction. His apparent argument is that, because he had a right to appointed counsel at trial, he also has the derivative right to attempt to prove that counsel was ineffective, also at state expense. But that is simply not the law. There is not even a constitutional right to effective assistance of counsel in post-conviction. The Supreme Court was careful to maintain that point in *Martinez v. Ryan*, 566 U.S. 1 (2012), where it found instead an equitable exception to procedural default doctrine when post-conviction counsel failed to raise a substantial ineffective assistance of trial counsel claim.

There is no doubt that the burden of proving the prejudice prong of an ineffective assistance of trial counsel claim is on the defendant and it is difficult to see how a failure to call an expert could be shown to be ineffective assistance without showing what the expert would have testified to.

**Objection Six: Failure to Appeal Unreliable Eyewitness Identification**

In his Second Ground for Relief, Simpson claimed that he was convicted in part on the

basis of an unconstitutionally unreliable eyewitness identification. The Second District rejected this claim when it was presented in post-conviction because (1) Simpson waived the claim by pleading guilty and not preserving it for direct appeal; (2) no unreliable eyewitness identification was ever admitted because the case was never tried; and (3) the claim was barred by *res judicata* because Simpson presented no evidence outside the record to support it. *Simpson PC*, 2016-Ohio-1267 at ¶¶ 17-18. The Report recommended deferring to these conclusions, noting particularly that the Sixth Circuit has repeatedly upheld Ohio's criminal *res judicata* rule. (Report, ECF No. 19, PageID 1033).

Simpson's Sixth Objection does not speak at all to his Second Ground for Relief, although he cites the portion of the Report deciding that Ground, but instead addresses it to his ineffective assistance of trial counsel sub-claim B. At the end of the Objections, Simpson asserts "The Magistrate Judge does not appear to address Simpson's substantive arguments relating to the photographic array process, which prove that Simpson was prejudiced by counsel's inaction." (Objections, ECF No. 20, PageID 1040). Of course the reason those arguments were not addressed substantively is that the Magistrate Judge found them procedurally defaulted.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of

6

appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 29, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).